Henderson, Chief-Justice.
In actions between the vendee and his immediate vendor, upon the covenant for quiet enjoyment, it is the settled law of this State, that the value of the lands, at the time of the sale, shall be *485 the measure of the damages; and in cases of actual sales, the purchase money is conclusive evidence of that value. This is the case where a covenant or warranty is annexed to an estate in fee, and the eviction is the whole estate. What may be the rule, where there is a partial eviction of the estate, as the recovery-of a life estate, or other interest less than a fee, or where the covenant is annexed to an estate less than a fee, is, as far as I know1, not determined by our Courts. The interest upon the purchase money is merely incidental, and depends on the circumstances of each case. It ordinarily runs during the time that the tenant is Halle for the profits to the rightful owner.- When he is not so liable, the profits are set off against it. Had this action therefore been brought against Glasgow, Williams’s immediate vendor, it would have presented no difficulties, governing ourselves by former decisions. Is the case varied by its being brought against. Beeman, a remote vendor, and whose estate, with his covenants annexed thereto, have come to Williams ? I think that it is not; for Beeman cannot be bound to pay to Williams more than Williams ought to receive, if he has money in his hands belonging to some other person, there is no reason why it should be paid to Williams. Now it is settled, that the purchase money paid by Williams to Glasgow, is the measure of Williams’ damages, and the fact, that he is substituted to the estate of Sheppard, and to the covenants entered into with Sheppard for its enjoyment and protection, does not thereby substitute him to Sheppard’s claim to damages, in case the latter had been evicted. He is only substituted to Sheppard’s covenants to redress his own, not Sheppard’s injuries, in regard to the estate.— But as there is no privity of contract between Williams & Beeman, the injury of the former cannot exceed the liability of the latter upon his covenant. But it may fall short of it. Neither would the case be varied, if the action in this case had been brought by Sheppard, as it is said it *486 mighl; be. For Sheppard baring sold to Glasgow, and QiaSrr0W to Williams, he, Sheppard, could only claim an ^ A * indemnity, which is the amount of the consideration moncy paid by him who is evicted. And on this ground alone, or that he is trustee for the person evicted, can the action be sustained in his name. In either case, Williams' injury is the one to be compensated.— Should it be asked, what is to become of the excess left in the hands of Beeman — for it is certain that he has given nothing for it; — it is answered who can claim it ? Not Williams ; for under the rule established by our decisions, he has no pretence to receive if. Not Sheppard; for he sustains no damage by the bad title, further than he may he compelled to comply with the covenants in his deed. And it would be strange that he should he placed in a better situation by selling a bad title than a good one. For had the title been good, he must have been content with his loss upon his re-sale. Should it turn out to be bad, could he then regain his whole purchase money ? In fact, the difference between' what he gave and what he got for the land is sunk, is extinguished, and there is no person who can receive it, by making a re-sale at a reduction in the price. The first vendee submits to the loss, and it can therefore form no part of a claim to an indemnity.
As to interest in this case, it should commence from the time the declaration in ejectment was served. From that time and not before, the tenant is liable for mesne profits, as the eviction was by White under a mortgage from a former proprietor of the estate, under whom both Plaintiff and Defendants’ intestate claimed. And in mortgages, where the mortgagor is in possession by the consent of the mortgagee, he cannot be made liable to the mortgagee for mesne profits, as he is not a trespasser, a wrong-doer, but a quasi tenant to the mortgagee. Williams therefore received the profits to his own use up to the time when White's declaration in ejectment waffs served.
*487 lam of opinion therefore, that the Judge erred in making the consideration money paid by Sheppard to Beeman the measure of the damages. He should have taken the consideration money paid by Williams to Glasgow) to- wit, $3,500 with interest from the 4th April 18£6, the time when the declaration in Ejectment was served.
Haul Judge, concurred.,